UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**BILLY JAMES FLEMING,**

    **Plaintiff,**

v.                                         **Civil Action 2:25-cv-1477**
                                              **Judge James L. Graham**
                                              **Magistrate Judge Chelsey M. Vascura**

**TRINITY FOOD SERVICES,** *et al.***,**

    **Defendants.**

## ORDER and REPORT AND RECOMMENDATION

Plaintiff, Billy James Fleming, an Ohio inmate who is proceeding without the assistance of counsel, sues Trinity Food Services, Metro Medical, and various officials of the Correctional Reception Center ("CRC") arising out of injuries sustained while Plaintiff was working in CRC's kitchen. This matter is before the Court for the initial screen of Plaintiff's Complaint, as amended, under 28 U.S.C. §§ 1915(e)(2) and 1915A to identify cognizable claims and to recommend dismissal of Plaintiff's Amended Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1)–(2); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997). Having performed the initial screen, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's Complaint for failure to state a claim on which relief may be granted.

This matter is also before the Court for consideration of Plaintiff's motion for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(1) and (2), which is **GRANTED**. (ECF

Nos. 5, 14.) Plaintiff must pay the full amount of the Court's $350 filing fee. 28 U.S.C. § 1915(b)(1). Plaintiff's certified trust fund statement reveals that he has $0.72 in his prison account, which is insufficient to pay the filing fee.

Pursuant to 28 U.S.C. § 1915(b)(1), the custodian of Plaintiff's inmate trust accounts (Inmate ID Number A824354) at the Correctional Reception Center is **DIRECTED** to submit to the Clerk of the United States District Court for the Southern District of Ohio as an initial partial payment, 20% of the greater of either the average monthly deposits to the inmate trust account or the average monthly balance in the inmate trust account, for the six months immediately preceding the filing of the Complaint.

After full payment of the initial, partial filing fee, the custodian shall submit 20% of the inmate's preceding monthly income credited to the account, but only when the amount in the account exceeds $10.00, until the full fee of $350.00 has been paid to the Clerk of this Court. 28 U.S.C. § 1915(b)(2). *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

Checks should be made payable to: Clerk, United States District Court. The checks should be sent to:

> Prisoner Accounts Receivable
> 260 U.S. Courthouse
> 85 Marconi Boulevard
> Columbus, Ohio 43215

The prisoner's name and this case number must be included on each check.

It is **ORDERED** that Plaintiff be allowed to prosecute his action without prepayment of fees or costs and that judicial officers who render services in this action shall do so as if the costs had been prepaid. The Clerk of Court is **DIRECTED** to mail a copy of this Order to Plaintiff and the prison cashier's office.

## I. STANDARD OF REVIEW

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id.* at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e):

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>
> * * *
>
> (B) the action or appeal—
>
> (i) is frivolous or malicious; [or]
>
> (ii) fails to state a claim on which relief may be granted. . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted. *See also* 28 U.S.C. § 1915A (requiring a court to conduct a screening of "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity . . . [to] identify cognizable claims or dismiss the complaint, or any portion of the complaint [that is] frivolous, malicious, or fails to state a claim upon which relief may be granted").

Further, to state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure

12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "detailed factual allegations, a pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). A complaint will not "suffice if it tenders naked assertion devoid of further factual enhancement." *Id.* (cleaned up). Instead, to state a claim upon which relief may be granted, "a complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face." *Id.* (cleaned up). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* complaints "to less stringent standards than formal pleadings drafted by lawyers." *Garrett v. Belmont Cty. Sheriff's Dep't*, 374 F. App'x 612, 614 (6th Cir. 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "courts should not have to guess at the nature of the claim asserted." *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

## II.     ANALYSIS

Plaintiff alleges that, while he was working in CRC's kitchen on February 21, 2024, he slipped on a wet floor while carrying a hot tray and suffered first, second, and third degree burns

4

on his legs and feet. Plaintiff was given a tetanus shot and placed on wound care, but was refused outside medical care. Plaintiff also alleges that he was never given any slip-resistant footwear or heat-resistant gloves. The undersigned construes Plaintiff's Complaint to advance (1) an Eighth Amendment claim for deliberate indifference to Plaintiff's safety in failing to provide proper safety equipment, and (2) an Eighth Amendment claim for deliberate indifference to a serious medical need.[1] As relief, Plaintiff seeks $50 million in damages.

All of Plaintiff's claims must be dismissed. First, Plaintiff alleges that Defendants' failure to provide slip-resistant footwear and heat-resistant gloves amounts to deliberate indifference to inmate safety in violation of the Eighth Amendment. "The [Eighth] Amendment . . . imposes duties on [prison] officials, who must provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must take reasonable measures to guarantee the safety of the inmates . . . ." *Farmer v. Brennan*, 511 U.S. 825, 932–33 (1994) (internal quotation marks and citations omitted); *see also Helling v. McKinney*, 509 U.S. 25, 33 (1993) (quoting *DeShaney v. Winnebago Cty. Dep't of Soc. Servs.*, 489 U.S. 189, 200 (1989)) (holding that the Eighth Amendment "requires that inmates be furnished with the basic human needs, one of which is 'reasonable safety'").

Eighth Amendment claims require plaintiffs to prove both a subjective and objective element. To satisfy the objective component for a claim based upon a failure to prevent harm, "the inmate must show he is incarcerated under conditions posing a substantial risk of serious harm." *Farmer*, 511 U.S. at 834 (citations omitted). The United States Supreme Court has offered the following guidance with respect to the objective factor:

---

[1] Plaintiff also lists the Fourteenth Amendment and Seventh Amendment on his civil cover sheet, but the Court can discern no claims arising under those amendments based on Plaintiff's allegations.

> [The objective factor] requires a court to assess whether society considers the risk that the prisoner complains of to be so grave that it violates contemporary standards of decency to expose *anyone* unwillingly to such a risk. In other words, the prisoner must show that the risk of which he complains is not one that today's society chooses to tolerate.

*Helling*, 509 U.S. at 36. "It is widely accepted that dangerous prison work conditions can support a viable conditions-of-confinement claim under the Eighth Amendment deliberate-indifference standard." *Rhodes v. Michigan*, 10 F.4th 665, 674 (6th Cir. 2021).

"To satisfy the subjective component, an inmate must show that prison officials had a sufficiently culpable state of mind." *Berksire v. Beauvais*, 928 F.3d 520, 535 (6th Cir. 2019) (internal quotation marks and citations omitted). The United States Court of Appeals for the Sixth Circuit has explained as follows:

> "[T]hat state of mind is one of deliberate indifference to inmate health or safety. Although the deliberate indifference standard describes a state of mind more blameworthy than negligence, this standard is satisfied if the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."

*Id*. (quoting *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000) (internal quotation marks and citations omitted)).

Here, Plaintiff has failed to sufficiently plead an Eighth Amendment violation. Although Plaintiff alleged that his assignment to the kitchen was unsafe due to lack of proper safety equipment, Plaintiff has not alleged that any of the Defendants, or any CRC employees or officials, were subjectively aware that he was working in unsafe conditions. He has therefore failed to allege that any Defendant disregarded a "know[n,] excessive risk to inmate health or safety." *Rhodes*, 10 F.4th at 674–75; *see also Robertson v. Shelby Cty., Tenn.*, No. 05-2579 P, 2007 WL 9706140, at *5 (W.D. Tenn. July 13, 2007) ("[C]ourts have recognized that the mere failure to provide proper instructions or safety devices for use on prison work details does not

constitute deliberate indifference.") (quoting *Smalls v. Berrios*, No. 3:06cv96, 2007 WL 1827465, at *7 (N.D. Fla. June 25, 2007)) (holding that plaintiff's allegations that defendant's failure to provide instructions or safety training on work equipment did not rise to the level of deliberate indifference and, at most, suggested negligence). Accordingly, the undersigned recommends that Plaintiff's Eighth Amendment deliberate indifference claim for failure to provide safety equipment be dismissed.

Next, as to Plaintiff's claim that Defendants were deliberately indifferent to his injuries, it is well established that "[t]he Eighth Amendment forbids prison officials from unnecessarily and wantonly inflicting pain on an inmate by acting with deliberate indifference toward [his] serious medical needs." *Jones v. Muskegon Cty.*, 625 F.3d 935, 941 (6th Cir. 2010) (internal quotations omitted). "[T]he prison official must have acted with a state of mind similar to recklessness. Thus, to prove the required level of culpability, a plaintiff must show that the official: (1) subjectively knew of a risk to the inmate's health, (2) drew the inference that a substantial risk of harm to the inmate existed, and (3) consciously disregarded that risk." *Id.* (citations omitted). "In examining whether a claimed injury is 'sufficiently serious'" to sustain a claim for deliberate indifference, "courts look to the *effect* of any delay in treatment caused by an officer's inaction." *Vaughn v. City of Lebanon*, 18 F. App'x 252, 274 (6th Cir. 2001) (emphasis in original). Specifically, a plaintiff "who complains that delay in medical treatment rose to a constitutional violation must place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment to succeed." *Id.* (citing *Napier v. Madison Cty., Ky.*, 238 F.3d 739, 742 (6th Cir. 2001)).

The Sixth Circuit has also noted that in the context of medical deliberate indifference claims:

7

> "[W]e distinguish between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). Where a prisoner alleges only that the medical care he received was inadequate, "federal courts are generally reluctant to second guess medical judgments." *Id.* However, it is possible for medical treatment to be "so woefully inadequate as to amount to no treatment at all." *Id.*

*Alspaugh*, 643 F.3d at 169. *See also Santiago v. Ringle*, 734 F.3d 585, 590 (6th Cir. 2013) ("If the plaintiff's claim, however, is based on the prison's failure to treat a condition adequately . . . the plaintiff must place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment." (internal quotation marks and citation omitted)). Moreover, "when a prison doctor provides treatment, albeit carelessly or inefficaciously, to a prisoner, he has not displayed a deliberate indifference to the prisoner's needs, but merely a degree of incompetence which does not rise to the level of a constitutional violation." *Id.* at 591. (cleaned up).

Here, Plaintiff has, at most, alleged that his medical care was inadequate, not nonexistent. His injuries were not ignored; he alleges that he received a tetanus shot and was put on wound care. And although Plaintiff apparently would have preferred to be treated by medical professionals outside the CRC, Plaintiff alleges no additional harm as a result of receiving only in-house medical treatment. Plaintiff's medical indifference claim must therefore be dismissed.

### III.  DISPOSITION

Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 1) is **GRANTED**. It is **RECOMMENDED** that the Court **DISMISS** Plaintiff's Complaint for failure to state a claim on which relief may be granted.

8

**PROCEDURE ON OBJECTIONS**

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE