UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BILLY JAMES FLEMING, | ) | CASE NO.  1:26-cv-00160 |
| | ) | |
| Plaintiff, | ) | JUDGE BRIDGET MEEHAN BRENNAN |
| | ) | |
| v. | ) | |
| | ) | |
| TRINITY FOOD SERVICES, *et al.*, | ) | **<u>OPINION AND ORDER</u>** |
| | ) | |
| Defendants. | ) | |

Before the Court is *pro se* Plaintiff Billy Fleming's ("Plaintiff") Consolidated Amended

Complaint ("Complaint").  (Doc. 14-1.)  For the reasons stated herein, the Complaint is

DISMISSED.

I.      **BACKGROUND**

A.      **Factual Allegations**

In February 2024, Plaintiff was housed at the Cuyahoga County Jail.  (Doc. 14-1 at

PageID #14.)[1]  While there, Plaintiff was assigned to work in the kitchen.  (*Id.*)  In his

Complaint, Plaintiff alleged that on February 21, 2024, while working in the kitchen, he slipped

on a wet spot and fell while holding a hot tray.  (*Id.*)  As a result, he allegedly suffered first,

second, and third degree burns on his legs and feet.  (*Id.*)  Correction officers allegedly forced

Plaintiff to walk to the medical unit.  (*Id.*)  He alleged the medical unit refused to transfer him to

an outside hospital for care.  (*Id.*)  Plaintiff alleged at the time of the incident, he did not have

proper protective gear, such as slip resistant shoes.  (*Id.*)  In contrast, workers from Trinity Food

Services, a contractor for the Cuyahoga County Jail, did have such protective gear.  (*Id.*)

Plaintiff alleged his wounds were not treated by the medical unit, leading to ongoing injuries.

---

[1] For ease and consistency, record citations are to the electronically stamped CM/ECF document
and PageID# rather than any internal pagination.

(*Id.*)

**B.      Procedural History**

On December 17, 2025, Plaintiff filed a complaint.  (Docs. 1-1, 2.)  Initially, Plaintiff filed his complaint in the United States District Court for the Southern District of Ohio.  (Doc. 1-1 at 7.)  The complaint named as defendants Trinity Food Services, Warden Michelle Henry, "Warden Hill," and "Metro Medical."  (*Id.*)  The complaint appeared to assert claims under 42 U.S.C. § 1983 for violations of the Seventh and Fourteenth Amendments.  (Doc. 1-2 at 13.)  Plaintiff sought $50 million in damages.  (*Id.*)  On December 23, 2025, Magistrate Judge Chelsey Vascura screened Plaintiff's complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A and issued a Report and Recommendation ("R&R") recommending the matter be dismissed because the complaint failed to state a claim on which relief may be granted.  (Doc. 3 at 24.)  Magistrate Judge Vascura construed the complaint as asserting claims under the Eighth Amendment for deliberate indifference.  (*Id.* at 28.)  After so construing, Magistrate Judge Vascura found the complaint failed to state a violation of the Eighth Amendment and recommended dismissing the action.  (*Id.* at 31.)

Plaintiff filed an Objection to the R&R.  (Doc. 7.)  Relevant here, in his Objection, Plaintiff clarified his injuries occurred while he was in custody at the Cuyahoga County Jail, and not in the Correctional Reception Center.  (*Id.* at 40-41.)  Plaintiff then filed a motion to amend his complaint.  (Doc. 8.)  Based on the new information in the Objection, Magistrate Judge Vascura found venue improper in the Southern District of Ohio pursuant to 28 U.S.C. § 1391.  (Doc. 9 at 49.)  As a result, this matter was transferred to the Northern District of Ohio which encompasses the Cuyahoga County Jail.  (*Id.* at 49-50.)

Once transferred, this Court granted Plaintiff's motion to amend.  (Doc. 12.)  The Court

ordered Plaintiff to file one consolidated amended complaint.  (*Id.*)  On April 30, 2026, Plaintiff filed a consolidated amended complaint ("Complaint").  (Doc. 14-1.)  The Complaint alleged similar facts as the original complaint.  (*Id.* at 14-15.)  Plaintiff named the same defendants as before.  (*Id.* at 13.)  He asserted his claim under 42 U.S.C. § 1983 for violations of the Eighth and Fourteenth Amendments for deliberate indifference to a pre-trial detainee.  (*Id.* at 15.)  Plaintiff seeks $1 million from each Defendant.  (*Id.*)

## II.     ANALYSIS

### A.     Legal Standard

District courts are expressly required, under 28 U.S.C. § 1915(e), to screen all *in forma pauperis* complaints filed in federal court, and to dismiss before service any such complaint that the court determines is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See Neitzke v. Williams*, 490 U.S. 319, 328, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010).

*Pro se* pleadings are held to a less stringent standard than formal pleadings drafted by lawyers.  *Boag v. MacDougall*, 454 U.S. 364, 102 S. Ct. 700, 70 L. Ed. 2d 551 (1982) (per curiam); *El Bey v. Roop*, 530 F.3d 407, 413 (6th Cir. 2008).  However, the "lenient treatment generally accorded to *pro se* litigants has limits."  *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996).  Liberal construction does not "abrogate basic pleading essentials in *pro se* suits." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).  A complaint must still contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2); *see also Hill*, 630 F.3d at 471 (explaining the dismissal standard articulated in *Iqbal* and *Twombly* for resolving dismissals pursuant to Rule 12(b)(6) applies to reviews conducted

pursuant to Sections 1915 and 1915A).  Thus, the complaint must make out a plausible legal claim, meaning the complaint's factual allegations must be sufficient for a court "to draw the reasonable inference that the defendant is liable."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).  Plausibility does not require any specific probability of success, but it does demand "more than a sheer possibility that a defendant has acted unlawfully."  *Id.*

When courts evaluate whether a complaint makes out a plausible claim, they must accept all factual allegations as true.  *Cates v. Crystal Clear Techs., LLC*, 874 F.3d 530, 534 (6th Cir. 2017) (quoting *Bickerstaff v. Lucarelli*, 830 F.3d 388, 396 (6th Cir. 2016)).  Courts must also draw all reasonable inferences in favor of the plaintiff, and they must generally construe the complaint in the light most favorable to the plaintiff.  *Id.*  But courts do not accept legal conclusions or other conclusory allegations as true.  *D'Ambrosio v. Marino*, 747 F.3d 378, 383 (6th Cir. 2014) (quoting *Terry v. Tyson Farms, Inc.*, 604 F.3d 272, 275-76 (6th Cir. 2010)).  And courts need not make unwarranted factual inferences.  *Kottmyer v. Maas*, 436 F.3d 684, 688 (6th Cir. 2006).

### B.      Eighth and Fourteenth Amendment Claims

Plaintiff asserts his deliberate indifference claim under the Eighth and Fourteenth Amendments.  (Doc. 14-1 at 15.)  But Plaintiff avers he was a pre-trial detainee at the time of the incident.  (*Id.*)  The Eighth Amendment applies to convicted prisoners, not pre-trial detainees.  *See Brawner v. Scott Cnty.*, 14 F.4th 585, 596-97 (6th Cir. 2021).  The Fourteenth Amendment applies to pre-trial detainees, like Plaintiff.  *Stein v. Gunkel*, 43 F.4th 633, 639 (6th Cir. 2022).

The Complaint appears to present two claims: one claim for failing to protect him from

injury, and one for deliberate indifference to his serious medical needs.

**Failure to Protect.**  A defendant violates the Fourteenth Amendment when "(1) he acts intentionally with respect to the conditions under which the plaintiff was confined, (2) those conditions put the plaintiff at substantial risk of harm, (3) he does not take reasonable steps to abate that risk, and (4) by failing to do so he actually causes the plaintiff's injuries." *Buetenmiller v. Macomb Cnty. Jail*, 53 F.4th 939, 945 (6th Cir. 2022) (citing *Westmoreland v. Butler Cnty.*, 29 F.4th 721, 729 (6th Cir. 2022)).

Plaintiff did not allege any Defendant knew about the conditions in the kitchen. Moreover, the Complaint fails to allege the conditions in the kitchen put Plaintiff at a substantial risk of harm.  "While a wet floor presents the possibility for an inmate to slip and fall, it does not pose a substantial or excessive risk of serious harm and therefore fails to trigger Fourteenth Amendment protections."  *Robinson v. Well Path*, No. 22-cv-102, 2022 WL 2070887, 2022 U.S. Dist. LEXIS 102312, at *9 (M.D. Tenn. June 8, 2022) (citation omitted).  This is consistent with other cases from district courts that have routinely found a slip and fall on a wet floor is insufficient to bring constitutional claims.  *Jackson v. Malloy*, No. 25-cv-12307, 2025 WL 2965985, 206132, at *6 (E.D. Mich. Oct. 20, 2025) (holding that "[s]lip-and-fall accidents, while unfortunate, do not give rise to constitutional claims"); *Miller v. Rutherford Cnty. Adult Detention Ctr.*, No. 24-cv-904, 2025 WL 899950, 2025 U.S. Dist. LEXIS 53716, at *10 (M.D. Tenn. Mar. 24, 2025) (explaining that "[c]ourts have regularly held that slip and fall accidents do not give rise to federal causes of action"); *Smith v. Winn*, No. 21-11263, 2021 WL 2413316, 2021 U.S. Dist. LEXIS 110651, at *5-6 (E.D. Mich. June 14, 2021) (slip and fall in kitchen sounded purely in negligence and failed to state a claim under Section 1983); *Chamberlain v. Nielsen*, No. 10-cv-10676, 2010 WL 1002666, 2010 U.S. Dist. LEXIS 25455, at *5-6 (E.D.

Mich. Mar. 18, 2010) (collecting cases where slip and falls in prisons did not amount to constitutional claims).

At best, Plaintiff alleged a claim of negligence.  But that is insufficient to state a claim under Section 1983.  *Brawner*, 14 F.4th at 596.

**Deliberate Indifference.**  Under the Fourteenth Amendment, pretrial detainees have an established right to medical care.  *Hodges v. Abram*, 138 F.4th 980, 987 (6th Cir. 2025).  "An officer violates that right if they show 'deliberate indifference to a pretrial detainee's serious medical needs.'"  *Id.* (quoting *Hyman v. Lewis*, 27 F.4th 1233, 1237 (6th Cir. 2022)).  Deliberate indifference has two prongs, "one objective and the other subjective, and essentially requires that an officer 'knew of and disregarded a substantial risk of serious harm to [the pretrial detainee's] health and safety.'"  *Id.* (quoting *Spears v. Ruth*, 589 F.3d 249, 254 (6th Cir. 2009)).  The objective prong requires a plaintiff to show his medical need was "sufficiently serious." *Brawner*, 14 F.4th at 591 (quoting *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994)).  The subjective prong requires a plaintiff to show the defendant acted with "more than negligence but less than subjective intention—something akin to reckless disregard." *Id.* at 596.

Even assuming Plaintiff alleged a sufficiently serious medical need, Plaintiff failed to allege any facts relating to the subjective prong for deliberate indifference claims against any particular Defendant.  That is, Plaintiff did not allege any named Defendant acted with reckless disregard to a sufficiently serious injury.  In short, he did not allege any deliberate indifference to his alleged serious medical need.  Instead, his Complaint alleged the opposite—that he was immediately taken to medical and medical placed in line for wound care.  (Doc. 14-1 at 14.) Dismissal is proper where "the allegations in the complaint affirmatively show that the claim is

[deficient or disallowed as a matter of law]." *Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012).

Further, Plaintiff alleged no facts relating to his treatment by prison medical staff.  Courts "distinguish between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment." *Alspaugh v. McConnell*, 643 F.3d 162, 169 (6th Cir. 2011) (quoting *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976)).  "Where a prisoner alleges only that the medical care he received was inadequate, federal courts are generally reluctant to second guess medical judgments." *Id.* "However, it is possible for medical treatment to be "so woefully inadequate as to amount to no treatment at all." *Id.*  Here, Plaintiff merely alleged a disagreement about his medical care. Those allegations are insufficient to present a plausible Fourteenth Amendment constitutional claim.

## III.    CONCLUSION

For the reasons stated herein, *pro se* Plaintiff Billy Fleming's Complaint (Doc. 14-1) is DISMISSED pursuant to 28 U.S.C. § 1915(e).  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

Date:   June 22, 2026

_____
BRIDGET MEEHAN BRENNAN
UNITED STATES DISTRICT JUDGE